UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Margie Williams, | ) | C/A No. 4:18-cv-_____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **STATE COURT PROCESS,** |
| Perdue Farms, Inc., a corporation and | ) | **PLEADINGS, ORDERS AND OTHER** |
| John Doe Contractor, LLC a | ) | **PAPERS SERVED UPON** |
| corporation, | ) | **DEFENDANTS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

# TRAMMELL & MILLS
## LAW FIRM, LLC

ERNEST C. TRAMMELL*
FLOYD S. MILLS III
BRADLEY W. BLEDSOE*
ROY N. TRAMMELL
*Also Members of Georgia Bar

1650 EAST GREENVILLE STREET
ANDERSON, SOUTH CAROLINA 29621

June 6, 2018

P.O. BOX 1656
ANDERSON, SC 29622
PHONE: (864) 231-7171
FAX: (864) 231-7488

**VIA OVERNIGHT MAIL**
The Honorable Gwen T. Hyatt
Dillon County Clerk of Court
301 West Main Street
Dillon, South Carolina 29536

FILED
GWEN T. HYATT
2018 JUN -7 AM 10:58
CLERK OF COURT
DILLON COUNTY

RE:    **MARGIE WILLIAMS v. PERDUE FARMS, INC., a corporation, and
JOHN DOE CONTRACTOR, LLC, corporation**
**CIVIL ACTION NO:**    2018-CP-17-**268**
**DATE OF ACCIDENT:**    06/11/2015

Dear Ms. Hyatt:

Please find enclosed the original and three (3) copies of a Summons and Complaint in regard to the above captioned matter. Please file the original, certify the copies, and return the certified copies to us in the envelope provided. Also enclosed is our firm check in the amount of $150.00 representing the requisite filing fee.

**We would appreciate your filing the Summons and Complaint as quickly as possible, preferably no later than June 7 or June 8, 2018, as the Statute of Limitations will run by June 11, 2018.**

We appreciate your assistance in this matter. If you have any questions, please feel free to contact us.

With kind regards, I remain

Cordially yours,

TRAMMELL & MILLS LAW FIRM, LLC

Paula R. Bowen
Paula R. Bowen
Paralegal to Floyd S. "Trey" Mills III

Enclosures

**STATE OF SOUTH CAROLINA** )
)
**COUNTY OF DILLON** )        FILED )
                        GWEN T. HYAT )
**MARGIE WILLIAMS,** )
                     2018 JUN 11 AM 10 58 )
                        Plaintiff(s) )
                                   )
                       vs.        )
                        CLERK OF COURT )
                        DILLON COUNTY )
**PERDUE FARMS, INC., a corporation** )
**and JOHN DOE CONTRACTOR, LLC,** )
**a corporation,** )
                        **Defendant(s)** )

**IN THE COURT OF COMMON PLEAS**

**CIVIL ACTION COVERSHEET**

2018-CP - 17- **268**

| | |
|---|---|
| Submitted By:  Floyd S. Mills III | SC Bar #:        74038 |
| Address:  1650 East Greenville Street | Telephone #:   864-231-7171 |
| Anderson, South Carolina 29621 | Fax #:          864-231-7488 |
| | Other:          www.trammellandmills.com |
| | E-mail:         trey@trammellandmills.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** *(Check all that apply)*
***If Action is Judgment/Settlement do not complete***

☒ **JURY TRIAL** demanded in complaint.        ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** *(Check One Box Below)*

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| ☐ Constructions (160) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☒ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-____ . ____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver | ☐ Notice: File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) _____ | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture -Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) _____ | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| **Special/Complex /Other** | | ☐ Petition for Workers | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | Compensation Settlement | ☐ Other (999) _____ |
| ☐ Automobile Arb (610) | ☐ Unfair Trade Practices (640) | Approval (780) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in | | |
| ☐ Sexual Predator (510) | an Out-of-County Action (660) | | |
| | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:** _(signature)_          **Date:**   JUNE 6, 2018

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous

SCCA / 234 (12/2015)                                        Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF DILLON | C.A. File No.   18-CP-17-**268** |

STATE OF SOUTH CAROLINA    )   IN THE COURT OF COMMON PLEAS
COUNTY OF DILLON    )   C.A. File No.   18-CP-17- **268**
    )
MARGIE WILLIAMS,    )
    )
        Plaintiff,    )   SUMMONS
    )
    vs.    )
    )
PERDUE FARMS, INC., a corporation    )
and JOHN DOE CONTRACTOR, LLC,    )
a corporation,    )
    )
        Defendants.    )
    )

FILED
GWEN T. HYATT
2018 JUN -7 AM 10: 58
CLERK OF COURT
DILLON COUNTY

TO:   **PERDUE FARMS, INC.,**
    Registered Agent: CT Corporation System
    2 Office Park Court, Suite 103
    Columbia, SC 29223

**YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint upon the subscribers at 1650 East Greenville Street or Post Office Box 1656 in Anderson, South Carolina 29622-1656, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

**TRAMMELL & MILLS LAW FIRM, LLC**

Floyd S. Mills III
S.C. ID # 74038
1650 East Greenville Street
Post Office Box 1656
Anderson, South Carolina 29622-1656
(864) 231-7171
trey@trammellandmills.com

_____6_____   June 2018



| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF DILLON | ) | C.A. File No.    18-CP-17- 268 |
| | ) | |
| MARGIE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| vs. | ) | |
| | ) | |
| PERDUE FARMS, INC., a corporation | ) | |
| and JOHN DOE CONTRACTOR, LLC, | ) | |
| a corporation, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**TO:   JOHN DOE CONTRACTOR, LLC**
         unknown

**YOU ARE HEREBY SUMMONED AND REQUIRED** to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint upon the subscribers at 1650 East Greenville Street or Post Office Box 1656 in Anderson, South Carolina 29622-1656, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

TRAMMELL & MILLS LAW FIRM, LLC

Floyd S. Mills III
S.C. ID # 74038
1650 East Greenville Street
Post Office Box 1656
Anderson, South Carolina 29622-1656
(864) 231-7171
trey@trammellandmills.com

___6___  June 2018

STATE OF SOUTH CAROLINA            )    IN THE COURT OF COMMON PLEAS
COUNTY OF DILLON                   )    C.A. File No.    18-CP-17-  **268**
                                   )
MARGIE WILLIAMS,                   )
                                   )
            Plaintiff,             )    **COMPLAINT FOR DAMAGES**
                                   )            **AND**
vs.                                )    **JURY TRIAL DEMANDED**
                                   )
PERDUE FARMS, INC., a corporation  )
and JOHN DOE CONTRACTOR, LLC,      )
a corporation,                     )
                                   )
            Defendants.            )
_____)

        Plaintiff, complaining of the Defendants herein, would respectfully show unto the Court and allege that:

## GENERAL ALLEGATIONS

    1.    Plaintiff is citizen and resident of the County of Cumberland, State of North Carolina.

    2.    Plaintiff is informed and believes that Defendant **PERDUE FARMS, INC.,** is a corporation, organized and existing under and by virtue of the laws of the State of Maryland, and is licensed to do business and is doing business in the County of Dillon, State of South Carolina.

    3.    Plaintiff is informed and believes that Defendant **JOHN DOE CONTRACTOR, LLC,** is a, organized and existing under and by virtue of the laws of the State of South Carolina, and is licensed to do business and is doing business in the County of Dillon, State of South Carolina.

    4.    Plaintiff is informed and believes that **PERDUE FARMS, INC.,** (hereinafter "Perdue") at all relevant times referenced herein, owned, maintained, and/or possessed a manufacturing facility in the business of processing chickens for consumption and located at 2047 SC-9 in Dillon County, State of South Carolina.

    5.    Plaintiff is informed and believes that **JOHN DOE CONTRACTOR, LLC,** (hereinafter "John Doe") could have been a third party contracted to maintain, clean, have

janitorial duties, and/or employment duties as it relates to the maintenance, upkeep, safety, and cleanliness of Defendant Perdue's common areas and hallways in question at the manufacturing/processing facility located at 2047 SC-9 in Dillon County, State of South Carolina.

6.    On, or about, June 11, 2015, Plaintiff was an invitee on the premises of Defendant Perdue traversing in the hallways and common areas during a shift change when suddenly and without warning she slipped, tripped, and fell as a result of chunks of chicken fat on the floor. Accordingly, all matters, parties and things are within the jurisdiction of this Court.

7.    As a result of the negligence, carelessness, gross negligence, recklessness, willfulness and wantonness of Defendants, by and through their acts and omissions, or the acts and omissions of Defendants' agents, servants and employees. Plaintiff fell in such a manner that she suffered several injuries to her upper and lower extremities.

8.    Plaintiff is further informed and believes that Defendants and their agents, servants and employees had knowledge of and created the unsafe condition of the chunks of chicken fat on the floor in the hallways and common areas to be in such a dangerous state as to cause Plaintiff to fall, failing to provide proper cautionary signs of the potential danger, failing to warn invitees and members of the general public of the potentially dangerous condition, failing to provide proper safety and Defendants and their agents, servants and employees knew, or should have known, that this condition was dangerous to invitees such as the Plaintiff.

9.    Despite knowledge of the unreasonably dangerous condition. Defendants and their employees allowed the unreasonably dangerous condition to persist, and took no action to eliminate the unreasonably dangerous condition or to warn invitees such as Plaintiff of the danger.

10.    At the time Plaintiff suffered her injuries, Defendants owed an affirmative duty to all invitees, and more particularly to Plaintiff, to use reasonable care to discover unreasonably dangerous conditions on the premises, and to either put the premises in a reasonably safe condition

for use in a manner consistent with the purpose of the invitation, or to warn the invitees such as Plaintiff of the danger.

11.    Notwithstanding these duties, Defendants negligently, gross negligently, carelessly, recklessly, willfully and wantonly breached their duties to Plaintiff and members of the public in each of the following manners, to wit:

(A)    In failing to take reasonable action to remedy or correct the chunks of chicken fat on the floor in the common areas and hallways which constituted an unreasonably dangerous condition;

(B)    In failing to discover, or to exercise reasonable care and supervision which would have allowed the employees of Defendants to discover, the chunks of chicken fat on the floor in the common areas and hallways which constituted an unreasonably dangerous condition;

(C)    In failing to warn Plaintiff of the chunks of chicken fat on the floor in the common areas and hallways which could have been discovered by reasonable diligence on the part of the Defendants and their employees;

(D)    In failing to properly inspect the premises to insure that the above described unsafe condition did not exist;

(E)    In failing to adopt proper procedures to insure that unsafe conditions do not exist on the premises, or, if such procedures were adopted, in failing to follow those procedures;

(F)    In failing to provide adequate personnel to properly control and maintain the safety of the premises; and

(G)    In failing to take reasonable care to protect the invitees of Defendants from the defective premises and resulting dangerous conditions.

12.    At the time that Plaintiff suffered her injuries, Defendants owed an affirmative duty to all invitees, and more particularly to Plaintiff, to exercise reasonable care and diligence in maintaining the walkways, common areas, and hallways of its property, which its invitees and members of the public must traverse, in a reasonably safe and suitable condition, and to use reasonable care to discover unreasonably dangerous conditions on the premises and to either put the premises in a reasonably safe condition for use in a manner consistent with the purpose of the invitation or warn invitees and members of the public such as Plaintiff of the danger.

13.    Notwithstanding these duties, Defendants, by and through the acts and/or omissions of its agents, servants and employees, negligently, gross negligently, carelessly and recklessly breached its duties to Plaintiff in one or more of the following particulars, to-wit:

(A)    In failing to maintain the walkways, common areas, and hallways of its facilities, which its invitees and public must traverse, in a reasonably safe and suitable manner;

(B)    In failing to discover the chunks of chicken fat on the floor in the walkways, common areas, and hallways of its facilities, which constituted an unreasonably dangerous condition;

(C)    In failing to remove the chunks of chicken fat on the floor in the common areas and hallways of the facility or make safe the area;

(D)    In failing to warn Plaintiff of the unsafe condition of the area;

(E)    In failing to take reasonable care to protect invitees of **PERDUE**, and particularly Plaintiff, from the chunks of chicken fat on the floor in the common areas and hallways;

(F)    In failing to properly inspect the area to ensure that the above-described unsafe condition did not exist;

(G)    In failing to adopt proper inspection and safety procedures to ensure that unsafe conditions do not exist on the premises, or, if such procedures were adopted, in failing to follow those procedures; and

(H)    In failing to provide adequate personnel to properly control and maintain the safety of the facilities.

14.    As a direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendants, as described herein, Plaintiff was injured in and about various and diverse parts of her body including, but not limited to, her head, upper and lower extremities, requiring medical care, and which injuries have caused Plaintiff to suffer the following damages:

(A) Past and present medical expenses;

(B) Past and present physical pain and suffering;

(C) Future physical pain and suffering as it is reasonably certain will of necessity result;

(D) Past and present emotional and mental pain and suffering;

(E) Future emotional and mental pain and suffering as it is reasonably certain will of necessity result;

(F) Humiliation;

(G) Embarrassment;

(H) Loss of enjoyment of life;

(I) Permanent impairment to one or more parts of Plaintiff's body;

(J) Permanent scarring and/or disfigurement to one or more areas of Plaintiff's body; and

(K) Lost wages and loss of earning capacity.

15.    Plaintiff is informed and believes that she is entitled to judgment against Defendants for actual and punitive damages, jointly and severally, in such fair, just and reasonable amount as may be determined by the jury to have been sustained by Plaintiff, and for the costs and expenses of this action.

**WHEREFORE**, Plaintiff demands a trial by jury pursuant to **Rule 38(b)** of the **South Carolina Rules of Civil Procedure (SCRCP)**, and Plaintiff prays for judgment against the Defendants, jointly and severally, for actual and punitive damages, in an amount to be determined by the jury, for the costs of this action and for such other and further relief as this court deems just and proper.

TRAMMELL & MILLS LAW FIRM, LLC

Floyd S. Mills III
S.C. ID # 74038
1650 East Greenville Street
Post Office Box 1656
Anderson, South Carolina 29622-1656
(864) 231-7171
trey@trammellandmills.com

_____6_____ June 2018

## *Whittington & Kennedy Law Firm*

*Edward Whittington, Jr.*
*SC .*

*219 South Main Street*
*Post Office Box 653*
*Mullins, South Carolina 29574-0653*
*Phone: (843) 464-7821 Fax: (843) 492-0424*
*jake@whittington-kennedy.com*

*J. Jakob Kennedy*
*SC & GA*

July 9, 2018

Hon. Gwen T. Hyatt
PO Box 1220
Dillon, SC 29536-1220

     Re:   *Margie Williams v. Perdue Farms, Inc., et. al.*
           *2018-CP-17-268*

Dear Gwen:

    Please find enclosed the original and two copies of the ***Answer of Perdue Farms Incorporated***. I would appreciate you filing the original and returning clocked copies using the envelopes provided, postage prepaid.

               Sincerely,

               WHITTINGTON & KENNEDY, LLC

               J. Jakob Kennedy

Enclosures

cc:    Floyd S. "Trey" Mills, III

FILED
GWEN T. HYATT
CLERK OF COURT
DILLON COUNTY
2018 JUL 11 AM 11: 15

STATE OF SOUTH CAROLINA    FILED IN THE COURT OF COMMON PLEAS

GWEN T. HYATT

COUNTY OF DILLON    2018 JUL 11 AM 11: 15    CIVIL ACTION NO. 2018-CP-17-268

CLERK OF COURT
DILLON COUNTY

Margie Williams,

      Plaintiff,  )
           )
           )
 *vs.*        )    **ANSWER OF**
           ) **PERDUE FARMS INCORPORATED**
Perdue Farms, Inc., a corporation )
and John Doe Contractor, LLC, a )
corporation,       )
           )
      Defendant.  )

   Defendant Perdue Farms Incorporated responds to Plaintiff's complaint as follows:

### FOR A FIRST DEFENSE

   1.  This Defendant lacks information sufficient to form a belief as to the truth of the averment(s) contained in paragraph one (1) of Plaintiff's complaint and, by rule, this statement has the effect of a denial.

   2.  This Defendant admits the allegations contained in paragraph two (2) of Plaintiff's complaint.

   3.  This Defendant lacks information sufficient to form a belief as to the truth of the averment(s) contained in paragraph three (3) of Plaintiff's complaint and, by rule, this statement has the effect of a denial.

   4.  This Defendant admits the allegations contained in paragraph four (4) of Plaintiff's complaint.

   5.  This Defendant denies the allegations contained in paragraph (5) of Plaintiff's complaint.

   6.  This Defendant lacks information sufficient to form a belief as to the truth of the averment(s) contained in paragraph six (6) of Plaintiff's complaint and, by rule, this statement has the effect of a denial.

   7.  This Defendant denies the allegations in paragraph seven (7) of Plaintiff's complaint.

8. This Defendant denies the allegations contained in paragraph eight (8) of Plaintiff's complaint.

9. This Defendant denies the allegations contained in paragraph nine (9) of Plaintiff's complaint.

10. This Defendant denies the allegations contained in paragraph ten (10) of Plaintiff's complaint.

11. This Defendant denies the allegations contained in paragraph eleven (11) of Plaintiff's complaint including all subparts.

12. This Defendant denies the allegations contained in paragraph twelve (12) of Plaintiff's complaint.

13. This Defendant denies the allegations in paragraph thirteen (13) of Plaintiff's complaint including all subparts.

14. This Defendant denies the allegations contained in paragraph fourteen (14) of Plaintiff's complaint including all subparts.

15. This Defendant denies the allegations contained in paragraph fifteen (15) of Plaintiff's complaint.

16. This Defendant denies each and ever allegation contained in Plaintiff's complaint that is not otherwise admitted in this Answer.

## FOR A SECOND DEFENSE

17. To the extent Plaintiff's alleged injuries or damages, if any, were caused by the intervening or superseding actions, omissions or negligence of Plaintiff or any third party or any combination thereof, any action against this Defendant should be barred or, alternatively, any damages or recovery should be reduced in proportion to the negligence or proportionate share of responsibility attributable to Plaintiff or any such third party for causing or contributing to Plaintiff's alleged damages.

## FOR A THIRD DEFENSE

18. This Defendant alleges that any injury and damage sustained by Plaintiff was due to and caused by the negligence and/or recklessness of the Plaintiff, combining, concurring and contributing with the negligence and/or

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

MARGIE WILLIAMS,

        Plaintiff,

v.

PERDUE FARMS, INC., a corporation, and
JOHN DOE CONTRACTOR, LLC, a
corporation,

        Defendants.

IN THE COURT OF COMMON PLEAS
Civil Action No: 2018-CP-17-00268

**PLAINTIFF'S ANSWERS TO
DEFENDANT, PERDUE FARMS, INC.'S,
FIRST SET OF INTERROGATORIES**

TO:    DEFENDANT, PERDUE FARMS, INC., a corporation, and J. JAKOB KENNEDY,
ESQUIRE, ATTORNEY FOR DEFENDANT, PERDUE FARMS, INC.

        Plaintiff, Margie Williams, subject to the objections and reservation of rights set forth

hereinafter, herewith responds to the Defendant's First Set of Interrogatories:

## I. RESERVATION OF RIGHTS

        1.      Responding to the Interrogatories, Plaintiff does not waive any objections which
may be appropriate either to (a) use by Plaintiff of any answer to these Interrogatories for any
purpose or (b) the materiality of any of the Interrogatories to any such issue in the case.

        2.      Plaintiff specifically reserves all rights to objections which may otherwise be
available to him and further states that no response should be deemed as an admission of relevancy,
materiality or admissibility into evidence of any particular Interrogatory or the response thereto.
Plaintiff further reserves the right to alter or amend his answers to be more accurate if other
information becomes available to it at a subsequent time.

        3.      The answers herein are subject to the rights of Plaintiff to object and not be bound
at any time to a demand for a further response to these or other Interrogatories or other discovery
procedures.

## II. GENERAL OBJECTIONS

        1.      Plaintiff objects to said Interrogatories to the extent they seek documents or other
tangible things prepared in anticipation of litigation or trial by or for Plaintiff or Plaintiff's
representatives.

2.    Plaintiff objects to said Interrogatories to the extent they seek information covered by an attorney/client privilege or other privilege as provided by law.

3.    Plaintiff objects to said Interrogatories to the extent they seek disclosure of mental impressions, conclusions, opinions, and legal theories of Plaintiff's attorneys or other representatives concerning this litigation.

## ANSWERS TO INTERROGATORIES

1.    List the names and addresses of all persons known to the Plaintiff or her counsel to be witnesses concerning the facts of this case, indicate whether written or recorded statements have been taken from these witnesses, and state the names of any persons who are in possession of any such statements.

ANSWER:

a)    **Margie Lee Williams**
**5505 Crenshaw Drive**
**Hope Mills, NC  28348**

b)    **Dr. Mary Noe**
**Perdue Farms, Inc.**
**2047 SC-9**
**Dillon, SC  29536**

c)    **Miguel _____**
**1st Shift Supervisor**
**Perdue Farms, Inc.**
**2047 SC-9**
**Dillon, SC  29536**

d)    **USDA Food Inspector Lady**
**1st Shift**
**2047 SC-9**
**Dillon, SC  29536**

Plaintiff has in her possession copies of her written statements regarding the accident.

Plaintiff reserves the right to supplement the answer to this Interrogatory.

2

2.      For each person known to Plaintiff or her counsel to be a witness concerning the facts of this case, provide a complete summary of the facts known to or observed by the witness and a copy of any written or recorded statements taken from the witness.

**ANSWER:**

**All parties are expected to testify as to their knowledge and understanding of the facts and circumstances surrounding the accident occurring on June 11, 2015.**

3.      Set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by the Plaintiff. Do not simply defer to the produced medical records; provide a full statement of the damages that you seek to recover from the Defendants as a result of the alleged negligence in the Complaint.

**ANSWER:**

| | | |
|---|---|---|
| a) | **McLeod Medical Center**<br>**301 E. Jackson Avenue**<br>**Dillon, SC  29536** | **$3,200.00** |
| b) | **Cumberland County Hospital/**<br>**Cape Fear Valley Health**<br>**1638 Owen Drive**<br>**Fayetteville, NC  28304** | **$8,586.94** |
| c) | **McLeod Orthopaedics – Dillon**<br>**705 N. 8th Avenue, Suite 1B**<br>**Dillon, SC  29536** | **$  353.00** |
| d) | **Huff Orthopaedics & Sports Medicine**<br>**520 N. Bearman Street**<br>**Clinton, NC  28328** | **$  955.00** |
| e) | **Advanced Physical Therapy Solutions**<br>**501 Executive Place**<br>**Fayetteville, NC  28305** | **$1,150.00** |
| f) | **Southern Regional AHEC Family Medicine Center**<br>**1601 Owen Drive**<br>**Fayetteville, NC  28304** | **$1,953.00** |

3



| | | |
|---|---|---|
| g) | Thrive Counseling & Consulting, PLLC<br>1611 Owen Drive<br>Fayetteville, NC  28304 | $1,975.00 |
| h) | Duke Sports Medicine<br>3480 Wake Forest Road, #204<br>Raleigh, NC  27609<br>(Health Information Management)<br>(PO Box 3016, Durham, NC  27710) | $_____ |
| i) | Duke University Health System<br>3400 Wake Forest Road<br>Raleigh, NC  27609<br>(Health Information Management)<br>(PO Box 3016, Durham, NC  27710) | $_____ |
| j) | RPK Center for Rehab, Spine & Pain Management<br>2109 Valleygate Drive, Suite 201<br>Fayetteville, NC  28304 | $   165.00 |
| k) | Dr. Ward S, Oakley<br>First Health Surgical Specialties<br>6322 Fayetteville Road<br>Raeford, NC  28376 | $_____ |
| l) | Pine Hurst Neurology<br>10 Page Drive<br>Pine Hurst, NC  28374 | $_____ |
| m) | Fayetteville Orthopaedics &Sports Medicine<br>Physical & Occupational Therapy<br>1991 Fordham Drive, Suite 102<br>Fayetteville, NC  28304 | $_____ |
| n) | CVS – Fayetteville, NC | $_____ |
| o) | Walgreens – Fayetteville, NC | $_____ |
| **TOTAL** | | $18,337.94+ |

Plaintiff is asserting a claim for lost wages.  She has been unemployed since May 31, 2016.  Her annual salary at the time she left was $55,000.00 per year. Plaintiff's lost wages at the time of this answer is approximately $123,750.00.  Additional lost wages will be incurred.

4.     Please identify all persons who have been interviewed or from whom written or recorded statements have been procured relating to the accident or injuries at issue in this lawsuit and for each person stated, please identify every document, writing, or recording that evidences such interviews, statements, or reports.

**ANSWER:**

**The only written statements Plaintiff has possession of are those of her own previously identified in answer to Interrogatory No. 1 above.**

5.     List all photographs, plats, sketches or other prepared documents in Plaintiff's possession that relate to any claim or defense in this case.

**ANSWER:**

**None.**

6.     List the name of any person, business, organization, or entity that may be in possession of information, documents, records or other materials related to this matter and the nature of the involvement of such person, business, organization, or entity to the accident or this action.

**ANSWER:**

a)     **Perdue Farms, Inc.**

b)     **Vance Toole / US Dept. of Labor / Office of Workers Compensation Commission**

c)     **John M. Theriot / Broadspire Services, Inc.**

d)     **Alan J. Shapiro, Esquire / Shapiro, Shapiro and Shapiro Co., LPA**

e)     **USDA offices.**

7.    List the name and address of any expert witness Plaintiff intends to use at trial. Set forth all facts and documents that support the expert's opinions and attach to Plaintiff's answers all documents the expert relied upon in forming such opinions.

**ANSWER:**

**Plaintiff has not retained the services of any expert witness(es). In the event Plaintiff does so, the answer to this Interrogatory will be supplemented accordingly.**

8.    Please provide a list of all medical providers that have provided treatment to the Plaintiffs for the ten (10) years immediately preceding the date of injury, including dates of treatment, the address of medical providers, and the treatment provided.

**ANSWER:**

**See answer to Interrogatory No. 3 above.  Objection to additional information requested.  This discovery request seeks to discover Plaintiff's medical history and/or treatment which is completely unrelated to the issues in this litigation in violation of Plaintiff s constitutionally protected right to privacy.**

**Without waiving same, Dr. Ernesto Graham in Fayetteville, NC.  Dr. Graham is the Plaintiff's OB/GYN.**

9    Please state all physical and/or mental injuries and the specific parts of your body in which the Plaintiffs suffered pain that you claim resulted from the incident herein. If you do not claim to have any physical and/or mental injuries, please state "No." Note: Please do not answer bv referring to other documents e.g. please do not answer bv, for example, indicating "see attached doctor's report."

**ANSWER:**

**Plaintiff injured both of her wrists, right shoulder (torn rotator cuff), right elbow, right arm, upper back, both hands, right knee, and neck. Plaintiff asserts that she has suffered mental anguish in that she has been unable to work and has lost income. She also had planned to attend school on her husband's GI bill to study funeral directing and embalming but has been unable to do so.**

10.    In the preceding question, you listed all of the physical and mental injuries and problems that you allege were caused by the alleged incident that is the subject of your Complaint. Have you ever suffered from pain, discomfort, or other problems in these areas prior to the incident or from unrelated causes since the incident? If so, please explain.

**ANSWER:**

**No.**

11.    State if you received medical treatment for the alleged injuries sustained by you in the accident, and, if so, also state the name and address of each hospital or other place of treatment and the dates you were confined, the name and address of each doctor who treated you, the number of occasions on which you were examined or treated before the dates of each examination or treatment, and what treatment was rendered by the various doctors, indicating if treatment was rendered at the doctor's office, at home, or in the hospital.

**ANSWER:**

**See answer to Interrogatory No. 3 above. Plaintiff reserves the right to supplement the answer to this Interrogatory.**

12.    State if you are claiming that any of your injuries are of a permanent nature and, if so, which of these injuries and what percentage disability rating you are claiming.

7

**ANSWER:**

Plaintiff asserts her injuries are permanent. She is right-handed, and cannot use her right arm as before. She has difficulty raising her arm and being able to personally care for herself. She estimates she has an 80% to 90% disability from the injury.

13.     State if you are claiming, as an element of damages, future medical expenses, and, if so, state the amount and the name and address of the doctor who has advised you of this amount.

**ANSWER:**

Yes, however, future medical expenses are undetermined at this time. Plaintiff is still treating and has a neurologist appointment in the near future.

14.     Does Plaintiff accept any fault in causing or contributing to this slip and fall? If so, please state Plaintiff's estimated degree of fault in causing or contributing to the slip and fall.

**ANSWER:**

None.

15.     Have you ever been a party to any lawsuit, civil or criminal, other than the present one and, if so, for each other lawsuit, state the name of the action, your status in the action, the kind of action involved, the court in which it was filed, the civil action number of the action, the date of filing, if there was a trial, and the ultimate disposition of the case.

**ANSWER:**

Objection. This information is irrelevant to the subject matter of this matter, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving same, no. The only claim in which the Plaintiff has been involved is her Workers' Compensation related to this accident.

8

16.    Have you ever been convicted of any criminal offense, including traffic offenses and, if so, for each conviction, state the date on which the offense was committed, the date of conviction, the name or type of crime committed, the judgment of the court with regard to the fine and imprisonment, and the name of the city and location of the court in which you were convicted.

ANSWER:

**Objection. This information is irrelevant to the subject matter of this matter, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving same, Plaintiff received a traffic ticket 10 or 15 years ago for failure to have her vehicle license tag renewed.**

17.    Have you ever made a claim for damages against any person, business, company, or corporation for any physical and/or emotional injury and, if so, state the name and address of the person or entity, the factual circumstances out of which the claim arose, the date of the claim, the ultimate disposition of the claim, and the name and address of any other person having information concerning the claim.

ANSWER:

**See answer to Interrogatory No. 15 above.**

18.    Describe your employment history for the past 10 years by stating the names and addresses of each employer, the dates of employment, the occupational titles, the rate of compensation, and the reason for termination.

ANSWER:

**From approximately 1998 to 2001, Plaintiff worked part-time with the USDA. She was terminated from the USDA because she was working part-time, was on call, and missed**

9

too many days from work. Plaintiff then worked at David's Bridals in Fayetteville, NC as a seamstress from 2005 to 2009. She left David's Bridals to return to work with the USDA. Plaintiff was employed as a food inspector with the USDA from approximately 2009 to 2015. Prior to her duties as a food inspector with the USDA at the Perdue Farms facility in Dillon, she worked as a food inspector in Florida. Objection to additional information requested. This information is irrelevant to the subject matter of this matter, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence and is also an invasion of Plaintiff's right to privacy.

19.    State the name, type, quantity and/or dosage of any prescription or nonprescription medications used by Plaintiff during the twenty-four hours preceding the incident in question.

**ANSWER:**

Plaintiff did not take any medication other than iron tablets.

20.    Did Plaintiff take any type of breath, blood or urine test within twelve hours before or after the slip and fall? If so, tell when and where, and tell the results of the test or tests.

**ANSWER:**

No.

21.    Set forth the number of hours worked by Plaintiff on the date of the accident.

**ANSWER:**

Eight (8) hours.

10

**TRAMMELL & MILLS LAW FIRM, LLC**

s/Trey_____

Floyd S. "Trey" Mills III
SC Bar # 0074038
1650 East Greenville Street (29621)
Post Office Box 1656
Anderson, South Carolina 29622-1656
(864) 231-7171
(864) 231-7488 – Fax
trey@trammellandmills.com

__28___ August 2018

**ATTORNEYS FOR THE PLAINTIFF**
**JURY TRIAL DEMANDED**

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

MARGIE WILLIAMS,

          Plaintiff,

v.

PERDUE FARMS, INC., a corporation, and
JOHN DOE CONTRACTOR, LLC, a
corporation,

          Defendants.

IN THE COURT OF COMMON PLEAS
Civil Action No: 2018-CP-17-00268

**PLAINTIFF'S RESPONSES TO
DEFENDANT, PERDUE FARMS, INC.'S,
FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS**

TO:    DEFENDANT, PERDUE FARMS, INC., a corporation, and J. JAKOB KENNEDY, ESQUIRE, ATTORNEY FOR DEFENDANT, PERDUE FARMS, INC.

Plaintiff, Margie Williams, responds to the Defendant's First Set of Requests for Production as follows:

1.    To the extent that Defendant's Requests for Production are inconsistent with or enlarge upon the requirements of the South Carolina Rules of Civil Procedure, the Plaintiff objects to such requests.

2.    Plaintiff objects to each Request for Production that seeks the disclosure of documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.

3.    Plaintiff objects to each request to the extent that it requests documents in the possession of persons or entities that are not under the control of the Plaintiff.

4.    Plaintiff reserves the right to supplement or amend these responses.

5.      If a privileged document is in good faith inadvertently produced to another party in this litigation, the inadvertent production shall not be a waiver of any otherwise legitimate privilege.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.      Any and all documents identified in response to the interrogatories served contemporaneously herewith.

**RESPONSE:**

a)      **Records/bills of McLeod Medical Center**

b)      **Records/bills of Cumberland County Hospital/Cape Fear Valley Health**

c)      **Records/bills of McLeod Orthopaedics – Dillon**

d)      **Records/bills of Huff Orthopaedics & Sports Medicine**

e)      **Records/bills of Advanced Physical Therapy Solutions**

f)      **Records/bills of Southern Regional AHEC Family Medicine Center**

g)      **Records/bills of Thrive Counseling & Consulting, PLLC**

h)      **Records/bills of Duke Sports Medicine (upon receipt)**

i)      **Records/bills of Duke University Health System (upon receipt)**

j)      **Records/bills of RPK Center for Rehab, Spine & Pain Management**

k)      **Records/bills of Dr. Ward S, Oakley/First Health Surgical Specialties (upon receipt)**

l)      **Records/bills of Pine Hurst Neurology (upon receipt)**

m)      **Fayetteville Orthopaedics &Sports Medicine Physical & Occupational Therapy (upon receipt)**

n)      **CVS  Pharmacy Charges (upon receipt)**

o)      **Walgreens Pharmacy Charges (upon receipt)**

13

**p)**     **Copy of Workers' Compensation file from the US Dept. of Labor**

**Plaintiff reserves the right to supplement the response to this Request for Production.**

2.     Any and all statements in the possession of the Plaintiff or her attorneys which touch on or concern the allegations in the complaint.

**RESPONSE:**

**Statements of Margie Williams which are a part of the Workers' Compensation file.**

3.     Any and all medical bills and records which touch on or concern the allegations in the Complaint, including copies of any imaging studies performed on the plaintiffs.

**RESPONSE:**

**See response to Request for Production No. 1 above. Plaintiff reserves the right to supplement the response to this Request for Production.**

4.     Any and all photographs or video documentation of the Plaintiff's injuries.

**RESPONSE:**

**None.**

5.     Any and all correspondence between the Plaintiff and the Perdue Farms Incorporated.

**RESPONSE:**

**None.**

6.     If claiming lost wages, please provide Plaintiff's state and federal tax returns for the past five (5) years.

**RESPONSE:**

**Plaintiff's tax returns for 2013 through 2017 will be produced upon receipt.**

7.      All documents which Plaintiff plans to introduce at trial.

**RESPONSE:**

**See responses to all Requests for Production listed above.  Plaintiff reserves the right to supplement the response to this Request for Production.**

8.      All medical records the Plaintiff contends are causally related to the injuries suffered as a result of the fall that is the subject of her Complaint.

**RESPONSE:**

**See response to Request for Production No. 1 above.  Plaintiff reserves the right to supplement the response to this Request for Production.**

9.      Any surveillance footage or photographs of the incident scene, the Plaintiff's injuries, or anything otherwise related to the subject accident.

RESPONSE:

**Plaintiff is not in possession of any surveillance footage or photographs.  If any surveillance footage is available, it would be in the possession of Defendant.**

10.      Any additional documents not otherwise specifically delineated herein that relate to the subject action in any tangential way.

**RESPONSE:**

**None at this time.  Plaintiff reserves the right to supplement the response to this Request for Production.**

11.      Any and all journals, notes or other written documentation by the Plaintiff of the facts regarding this case.

**RESPONSE:**

**None.**

12.    Any and all documents and files including reports, studies, correspondence with the experts (including email), analyses, or other documentation of any expert witnesses retained by or on behalf of Plaintiff.

**RESPONSE:**

**Plaintiffs have not retained the services of any expert witness(es).  In the event Plaintiff does so, the response to this Request for Production will be supplemented accordingly.**

·13.    Any and all documents, not otherwise requested above, that are identified, made reference to, or inquired of in Plaintiff's Interrogatories.

**RESPONSE:**

**None at this time.  Plaintiff reserves the right to supplement the response to this Request for Production.**

**TRAMMELL & MILLS LAW FIRM, LLC**

s/Trey
Floyd S. "Trey" Mills III
SC Bar # 0074038
1650 East Greenville Street (29621)
Post Office Box 1656
Anderson, South Carolina 29622-1656
(864) 231-7171
(864) 231-7488 – Fax
trey@trammellandmills.com

__28__. August 2018

**ATTORNEYS FOR THE PLAINTIFF
JURY TRIAL DEMANDED**

16

STATE OF SOUTH CAROLINA

COUNTY OF DILLON

MARGIE WILLIAMS,

        Plaintiff,

v.

PERDUE FARMS, INC., a corporation, and
JOHN DOE CONTRACTOR, LLC, a
corporation,

        Defendants.

IN THE COURT OF COMMON PLEAS
Civil Action No: 2018-CP-17-00268

**CERTIFICATE OF SERVICE**

       I, Trey Mills, the undersigned attorney of the Trammell & Mills Law Firm, LLC, attorneys for the Plaintiff, do hereby certify that the Plaintiff's Answers to Defendant, Perdue Farms, Inc.'s, First Set of Interrogatories and Responses to Requests for Production of Documents were served upon the attorneys for the Defendant, Perdue Farms, Inc., on _28___ of August 2018, by e-mailing a copies of the same to jake@whittington-kennedy.com.  Upon request we can also mail a hard copy to the below address.

       J. Jacob Kennedy, Esquire
       Whittington & Kennedy, LLC
       PO Box 653
       Mullins, SC  29574.

                    **TRAMMELL & MILLS LAW FIRM, LLC**
                    s/Trey_____
                    Floyd S. "Trey" Mills III
                    SC Bar # 0074038
                    1650 East Greenville Street (29621)
                    Post Office Box 1656
                    Anderson, South Carolina 29622-1656
                    (864) 231-7171
                    (864) 231-7488 – Fax
                    trey@trammellandmills.com

__28___ August 2018               **ATTORNEYS FOR THE PLAINTIFF**
                    **JURY TRIAL DEMANDED**

17